IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| VERONICA COTA, on behalf of the ESTATE OF PHYLLIS CHISLER, and ROSA CASTILLO, individually and on behalf of JANETTE MONTANEZ,<br><br>    Plaintiffs,<br><br>vs.<br><br>BRIDGESTONE FIRESTONE, INC., BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, FORD MOTOR COMPANY and VALERIO SAENZ MONTANEZ,<br><br>    Defendants. | No. 1:09-cv-00766 PJK/RHS |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Plaintiffs' Motion to Remand filed Sept. 8, 2009 (Docs. 13 & 14). 28 U.S.C. § 1447(c). Upon consideration thereof, the court finds that the motion is well taken and should be granted.

(1) <u>Background.</u> This action arose out of a vehicle accident on March 22, 2008. On that date, Valerio Saenz Montanez drove a 1993 Ford Explorer along Interstate 10 in southern New Mexico, with Phyllis Chisler, Rosa Castillo, and Janette Montanez as passengers. Doc 1. Ex. A. at 2. The Explorer was equipped

with a 1992 Firestone ATX Radial Tire that was subject to recall.  Doc. 13 at 1.

When the tread separated from the tire, the driver lost control.  Doc. 13 at 1.  In

the accident, Ms. Chisler died and Ms. Castillo and Janette Montanez were

injured.  Doc. 13 at 1.

Plaintiff Veronica Cota, on behalf of the estate of Phyllis Chisler, and

Plaintiff Rosa Castillo, individually and on behalf of Janette Montanez

("Plaintiffs"), filed their complaint in state court (New Mexico First Judicial

District), on July 7, 2009 against Defendants Bridgestone Firestone, Inc.,

Bridgestone Firestone North American Tire, LLC, Ford Motor Company, and

Valerio Saenz Montanez ("Defendants").  Doc. 1. Ex. A.  The state court issued a

summons for each defendant on July 7.  Doc. 13 Ex. A at 2.  Defendant Ford was

served on July 7.  Doc. 13 at 2; Doc. 18 at 3.  Defendant Bridgestone Firestone,

Inc. was served by certified mail on July 10 and Defendant Bridgestone Firestone

North American Tire, LLC was served through its statutory agent on July 15,

2009.  Doc. 18 at 3.  Defendant Montanez was served through his attorney, who

was authorized to accept service, on July 29, 2009.  Doc. 13 at 2.

(2) <u>Notice of Removal.</u>  Defendants Bridgestone Firestone, Inc. and

Bridgestone Firestone North American Tire, LLC removed this case to federal

court on August 6, 2009.  Doc. 1.  The notice of removal attached signed consents

by attorneys on behalf of Bridgestone Firestone, Inc., Bridgestone Firestone North

American Tire, LLC, and Ford, Doc. 1. Exs. 5-6, but not Defendant Montanez.

On August 17, 2009, Defendant Montanez filed his answer in state court.  Doc. 13, Ex. A at 1.

(3) <u>Consent of All Defendants.</u>  Plaintiffs assert two defects in the removal procedure as grounds for remand: (1) Defendant Montanez never consented to removal; and (2) Defendants did not establish complete diversity because they did not set forth Bridgestone Firestone North American Tire, LLC's citizenship.  Doc. 13 at 3-4.

First, the court notes that removal statutes are strictly construed and the Defendants bear the burden to overcome the presumption against removal jurisdiction.  <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-09 (1941); <u>Laughlin v. Kmart Corp.</u>, 50 F.3d 871, 873 (10th Cir. 1995).  A defendant may remove a case to federal court within thirty days after receiving a copy of the initial state court pleading.  <u>See</u> 28 U.S.C. § 1446(b).  All defendants served at the time of filing must join in (or consent to) removal.  <u>Cornwall v. Robinson</u>, 654 F.2d 685, 686 (10th Cir. 1981); <u>see also</u> <u>Proctor v. Vishay Intertechnology, Inc.</u>, No. 07-16527, 2009 WL 3260535, at *10 (9th Cir. Oct. 9, 2009) (discussing permissible forms of joinder).  If one defendant fails to join the removal within the thirty-day period, removal is procedurally defective and the district court must remand the case.  <u>Cornwall</u>, 654 F.2d at 686.

Failure to obtain a defendant's consent is excused in two situations.  Nominal or formal parties are not required to join in the notice.  <u>Thorn v.

Amalgamated Transit Union, 305 F.3d 826, 833-34 (8th Cir. 2006).  And a defendant who has not been served is not required to join.  Lewis v. Rego Co., 757 F.2d 66, 68 (3rd Cir. 1985); Northern Illinois Gas Co. v. Airco Industrial Gases, 676 F.2d 270, 273 (7th Cir. 1982).  Here, the Defendants indicated in the notice of removal that "[t]he record does not reflect that Defendant Valerio Saenz Montanez has been served and therefore his consent to removal is not required."  Doc. 1 at 5.  Defendant Montanez had been served, however.

The issue in this case is whether the removing Defendants exercised reasonable diligence to determine whether he had been served.  Doc. 18 at 7; Greco v. YellowPages.com, LLC, No. 3:09-CV-1502, 2009 WL 3571897, at *1 (M.D. Pa. Oct. 26, 2009).  They contend that they exercised reasonable diligence because they checked the state court docket; although Defendant Montanez was served on July 29, 2009, evidence of his service did not appear on the state docket until August 17, 2009, when his attorney entered an appearance.  Doc. 18 at 6-7.

Reasonable diligence does not require that the removing Defendants exhaust all means to learn whether Defendant Montanez was served.  But it requires the steps that a reasonably diligent attorney would take if he wanted to learn something.  As Plaintiffs observe, such steps would include attempting to contact the missing defendant, or even contacting Plaintiffs' counsel to learn the status of the service.  Doc. 19 at 4.  Because Defendant Montanez had been served when the moving Defendants removed this case to federal court, and the

removing Defendants failed to join him or to exercise reasonable diligence to discover whether he had been served, remand to state court is appropriate.

The court need not consider the Plaintiffs' second ground in favor of remand.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that:

(1) Plaintiffs' Motion to Remand filed Sept. 8, 2009 (Docs. 13 &14) is granted.

(2) The Clerk shall remand the case to the First Judicial District Court, Santa Fe County, New Mexico.

DATED this <u>17th</u> day of November 2009, at Santa Fe, New Mexico.

_____
United States Circuit Judge
Sitting by Designation

Counsel:
Gilbert Arrazolo, Arrazolo Law, P.C., Albuquerque, New Mexico, and James B. Ragan, Law Offices of James B. Ragan, Corpus Christi, Texas, for Plaintiffs.

Arthur O. Beach, Keleher & McCleod, P.A., Albuquerque, New Mexico for Defendants Bridgestone Firestone, Inc. and Bridgestone Firestone North American Tire, LLC.

Jeffrey M. Croasdell and Todd Rinner, Rodey Law Firm, Albuquerque, New Mexico, for Defendant Ford Motor Company.